IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM KIELUR,                                    CIVIL DIVISION

         Plaintiff,                              Case No.

      v.

CINDY COHEN SCHOOL OF DRIVING, LLC,

         Defendant.

## COMPLAINT AND JURY DEMAND

A.   *Preliminary Statement*

1.     The plaintiff William Kielur brings this action under the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 *et seq.,* to redress violations of his right to be free from employment discrimination based upon his disability.  Because of the violations described herein, this Court is also empowered to exercise pendant jurisdiction pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*  A jury trial is demanded.

B.   *Jurisdiction*

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12117(a), 28 U.S.C. § 1331 and under the doctrine of pendant jurisdiction.

3.     On or about April 12, 2019 the plaintiff filed a timely charge alleging discrimination with the Equal Employment Opportunity Commission ("EEOC"), docketed at 533-2019-01200.  This charge was simultaneously cross-filed with the Pennsylvania Human Relations Commission.

4.     The EEOC issued a Notice of Right to Sue dated August 13, 2019.

5.     The plaintiff filed this complaint within 90 days of receipt of the Notice of Right to Sue.

C.      ***The parties***

6.      The plaintiff William Kielur is an adult individual who resides at 5825 Mifflin Road, Pittsburgh, PA 15027 (Allegheny County).

7.      The defendant, Cindy Cohen School of Driving ("CCSD" or defendant), is an entity doing business in the Commonwealth of Pennsylvania, and, specifically, in this district. The defendant maintains a place of business at 3131 West Carson Street, Pittsburgh, PA 15204 (Allegheny County).

8.      CCSD is a driving school in Pittsburgh that focuses on educating student drivers both with theory and behind-the-wheel training.

9.      At all times material, the defendant employed more than fifteen employees.

10.     The defendant was the plaintiff's employer and is an employer within the meaning of the ADA, 42 U.S.C. § 12111(5).

D.      ***Factual Background***

11.     The plaintiff was hired by CCSD in March 2017 as a driving instructor.  He was temporarily laid off due to lack of work in November 2018 and was about to return as an instructor on January 23, 2019 when his employment was permanently terminated.

12.     The plaintiff's duties included picking up students and giving them on-the-road driving instruction.  The lessons typically lasted between one and a half to two hours.

13.     During his employment from March 2017 until he was temporarily laid off due to lack of work in November 2018, the plaintiff performed all of the essential functions of his job and was considered to be a satisfactory employee.  Cindy Cohen, the owner of CCSD, told the plaintiff that she would call him back to work when her business picked up.

14.     The plaintiff has disabilities as defined by the Americans with Disabilities Act ("ADA") and/or was perceived by the employer as having disabilities.  Specifically, he has chronic degenerative arthritis and Attention Deficit Disorder.  He had been taking various medications for his disabilities for a number of years.

15.     In early January 2019, Cohen informed the plaintiff that she wanted him to return to work and told him to report on January 23, 2019.

16.     The plaintiff had a doctor's visit in early January.  The plaintiff informed his physician that he was scheduled to return to work later that month.  Apparently unaware of the provisions of the ADA and an employee's rights thereunder, the physician suggested that the plaintiff disclose to CCSD the medications he was on.  The doctor erroneously told the plaintiff that, if he failed to disclose his medications to CCSD, he could be held personally liable if there was an accident.

17.     The plaintiff's medications did not interfere with or impair the plaintiff's abilities to drive and to perform the essential functions of his job.  The plaintiff was under no legal obligation to disclose this personal medical information to CCSD.

18.     Upon hearing this information, Cohen said that she "couldn't accept that kind of liability".  She told the plaintiff, "you're done" and she immediately terminated his employment.

19.     The reason that the plaintiff was terminated was because of his disabilities and the fact that he was taking prescription medication.  Specifically, CCSD perceived and or believed that the plaintiff would be a liability risk as a result of his disabilities and the medication he was taking.

20.     The plaintiff was terminated was because of his disabilities.

## FIRST CAUSE OF ACTION

21.     The plaintiff has disabilities and thus is protected against discrimination under the ADA.

22.     The plaintiff was qualified for his position.

23.     The plaintiff was able to perform his position with or without a reasonable accommodation.

24.     Despite his qualifications, the plaintiff was terminated.

25.     The defendant terminated the plaintiff's employment because of his disability.

26.     The defendant's violation of the ADA was committed with intentional or reckless disregard for the plaintiff's federally protected right to work in an environment free of discrimination.

## SECOND CAUSE OF ACTION

27.     The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

28.     The defendant terminated the plaintiff's employment and otherwise discriminated against him because of his disabilities, in violation of the PHRA, 43 Pa. C.S. § 951 *et seq.*

WHEREFORE, the plaintiff respectfully requests judgment be entered in his favor and against the defendant and that the defendant be required to provide all appropriate remedies

under the ADA and the PHRA, including back pay, front pay, compensatory damages, punitive

damages and attorney's fees and costs.

                                        Respectfully submitted,

                                        /s/ *Michael J. Bruzzese*
                                        _____
                                        Michael J. Bruzzese
                                        Pa. I.D. No. 63306
                                        2315 Koppers Building
                                        436 Seventh Avenue
                                        Pittsburgh, PA 15219
                                        (412) 281-8676
                                        Counsel for the plaintiff

Dated:  November 6, 2019